**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
                                        :
KEYIA WILLIAMS,                         :
                                        :   Civil Action No. 10-1633 (MLC)
              Plaintiff,                :
                                        :        O P I N I O N
         v.                             :
                                        :
STATE OF NEW JERSEY, et al.,            :
                                        :
              Defendants.               :
                                        :
```

**APPEARANCES:**

KEYIA WILLIAMS, PLAINTIFF PRO SE, #17400ER
ATLANTIC COUNTY JUSTICE FACILITY
5060 ATLANTIC AVE E-R, MAYS LANDING, NJ 08330

**COOPER**, District Judge

Plaintiff, a state inmate confined at the Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey, when she submitted the Complaint for filing, seeks to bring this action in forma pauperis, alleging violations of her constitutional rights under 42 U.S.C. § 1983.  Based on her affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  The Court concludes that the Complaint should be dismissed.

I.  **BACKGROUND**

Plaintiff brings this action against the State of New Jersey; the Mercer County Jail Classifications Department; and the Atlantic County Jail Classifications Department. The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the allegations.

Plaintiff alleges that she was incarcerated for about 80 days past her release date because the State failed to credit her the correct amount of days. Specifically, Plaintiff alleges that she was originally incarcerated on October 21, 2005 for "conspiracy/murder." Plaintiff signed a plea agreement on May 31, 2007 and on March 17, 2010, Plaintiff was sentenced to five years with an eighty-five percent no early release. Calculating her sentence from the date she was first incarcerated, Plaintiff alleges that she should have been released on January 22, 2010. Plaintiff seeks, inter alia, immediate release.

II. **STANDARDS FOR SUA SPONTE DISMISSAL**

The Court must review a complaint in an action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court must identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Plaintiff is proceeding in forma pauperis, and is asserting claims against the State of New Jersey and jail departments as to incidents occurring while she was confined at ACJF. Thus, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

The Court must construe a pro se complaint liberally in the plaintiff's favor in determining its sufficiency. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

The standard for summary dismissal of a complaint that fails to state a claim is set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937

(2009).  The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 1949-50 (citations omitted).  The Court further explained that:

> a court . . . can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

> entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. at 1950.

To prevent summary dismissal, civil complaints must allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948.  Iqbal emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible. Id. at 1949-50; see Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Iqbal thus provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that applied to federal complaints before Twombly.  Fowler, 578 F.3d at 210.  A district court must now conduct the two-part analysis set forth in Iqbal:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

> the complaint has alleged-but it has not 'show [n]'-'that
> the pleader is entitled to relief.'" Iqbal, [129 S. Ct. at
> 1949-50].  This "plausibility" determination will be "a
> context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.  But even after Iqbal, the sufficiency of a pro se pleading must be construed liberally in a plaintiff's favor.  See Erickson v. Pardus, 551 U.S. 89 (2007).

**III. SECTION 1983 ACTIONS**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff here names the State of New Jersey as a defendant. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

Generally, a suit by private parties seeking to impose a liability that must be paid from public funds in a state treasury

is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979). Therefore, the Complaint should be dismissed with prejudice in its entirety as to the State of New Jersey, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2).

It appears that the other named Defendants, Mercer County Jail Classifications Department and Atlantic County Jail Classifications Department, are departments within the county jails themselves. As such, the claims against these two defendants should also be dismissed because jail facilities are not "persons" for purposes of § 1983 liability. See Grabow v. S. State Corr. Fac., 726 F.Supp. 537, 538-39 (D.N.J. 1989).

**IV.   FURTHER ANALYSIS**

While the named defendants should be dismissed from this action, the Court is obligated to review the Complaint to

determine whether it states a cognizable claim.  Here, Plaintiff asserts a § 1983 claim that she is being held in excess of her maximum term of confinement.

But the exclusive federal remedy for an inmate challenging the fact or length/duration of confinement is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser, 411 U.S. at 500; see Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks any pecuniary relief, her claims have not accrued because a favorable judgment would necessarily imply the invalidity of her underlying criminal conviction and sentence.  See Heck v. Humphrey, 512 U.S. 477 (1994).  Where success in a plaintiff's § 1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve a favorable termination of available state or federal habeas opportunities in order to obtain relief under § 1983 for the underlying decision to confine.  See Muhammad v. Close, 540 U.S. 749, 751 (2004).  Because federal habeas petitions may not be granted unless available state court

remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availabilities of habeas remedies." Id.

Plaintiff takes issue with the calculation of the numbers of days in her sentence. But she has not indicated that she has exhausted state administrative and court remedies challenging the imposition of her sentence. She also does not indicate that she challenged the computation of her sentence or that her incarceration was deemed to be in excess of her maximum term of confinement by any state court or by the issuance of a writ of habeas corpus. Thus, this claim is barred under Preiser, as well as Heck, because a favorable outcome here would necessarily imply the invalidity of the calculation of her prison sentence. Plaintiff's sole federal remedy in this instance would be a writ of habeas corpus. Therefore, this Complaint, which challenges Plaintiff's incarceration as being in excess of her maximum term of confinement, is not cognizable under § 1983, and should be dismissed.

It also appears, according to the New Jersey Department of Correction offender database, that Plaintiff has been released from custody. Therefore, the Court finds that her claims, as

asserted in the Complaint, must be dismissed.  <u>See generally</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 492 (1989).

### V. CONCLUSION

For all of the reasons set forth above, the Complaint will be dismissed.  The Court will issue an appropriate order and judgment.

<u>   s/ Mary L. Cooper   </u>
**MARY L. COOPER**
United States District Judge

Dated:  December 13, 2010

10